# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60708
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2019

Lyle W. Cayce
Clerk

GUOJUN XU,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 026 239

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Guojun Xu, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the immigration judge (IJ) denying his application, pursuant to the Convention Against Torture (CAT), for deferral of removal.

Our court lacks jurisdiction to review a final order of removal against an alien who, like Xu, is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

committed an aggravated felony.  8 U.S.C. § 1252(a)(2)(C); *see Siwe v. Holder*, 742 F.3d 603, 607, 613 (5th Cir. 2014).  Our jurisdiction is limited to considering only constitutional claims or questions of law.  § 1252(a)(2)(D).

Xu asserts the record evidence established he would, more likely than not, be tortured if returned to China; and he challenges the IJ's findings regarding the treatment in China of his codefendants as "fatally flawed".  As explained *supra*, our court does not have jurisdiction to review such factual determinations.  *See* § 1252(a)(2)(C); *Siwe*, 742 F.3d at 613.

In addition, we lack jurisdiction to review this challenge to these findings because Xu did not raise it before the BIA.  *See Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009).  And, for the same reason, we lack jurisdiction to review his contention that imposition of the death penalty for a non-violent financial crime constitutes torture under the CAT.  *See id*.

Xu lists a final issue for review:  whether he qualifies for CAT relief because the Chinese government has a pattern or practice of torturing like-situated persons.  He has not briefed that issue, however, and, consequently, abandons it.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

DISMISSED.